**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

ROBERT J. JAMISON, CHARLES PENSON
and BOYCE E. GRAYSON, SR.                                            PLAINTIFFS

V.                                                         CASE NO. 1:04CV366

TUPELO, MISSISSIPPI and TUPELO
MISSISSIPPI ELECTION COMMISSION                           DEFENDANTS

## ORDER

This cause comes before the Court on the defendants' motion for summary judgment [43-1]. The Court has reviewed the briefs and exhibits and is prepared to rule.

This is a suit in equity under § 2 of the Voting Rights Act of 1965 seeking injunctive relief for dilution of African-American voting strength. The plaintiffs are Robert J. Jamison, Charles Penson and Boyce E. Grayson, Sr., all of whom are African-American registered voters and citizens of Tupelo, Mississippi. The defendants include the City of Tupelo, Mississippi and the members of the Tupelo Mississippi Election Commission ("the Commission") in their official capacities.

Pursuant to Miss. Code Ann. § 21-8-1, Tupelo utilizes seven single member districts to elect seven city councilmen and executive committee members. It also utilizes at-large citywide voting to elect two additional city councilmen and executive committee members. The plaintiffs seek declaratory and injunctive relief to enjoin any further use of this 7-2 hybrid election method for municipal elections in Tupelo. The plaintiffs also ask the Court to declare that the use of at-large citywide voting improperly dilutes African-American voting strength in violation of § 2. Finally, the plaintiffs ask the Court to fashion a court-ordered plan for nine single-member districts for future municipal elections.

The current 7-2 hybrid scheme was adopted in 1989. Over 20% of the registered Tupelo voters signed a petition in favor of adopting the 7-2 scheme pursuant to § 21-8-1, and a majority of the voters voted in favor of a mayor-council form of government with seven council members elected from single-member wards and two council members elected at-large. This change was precleared by the Attorney General of the United States pursuant to Section 5 of the Voting Rights Act and took effect during the 1993 municipal elections. The plaintiffs filed this action in November of 2004, seeking to replace the 7-2 hybrid system with a 9-district system, arguing that the existing system unlawfully dilutes or minimizes African-American voting strength. The defendants now seek summary judgment.

## ANALYSIS

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. Reeves, 120 S.Ct. at 2110.

The defendants first argue that the form of a municipal government can only be changed via

2

the procedure outlined in § 21-8-1 – first the citizens desiring a change must present a petition containing the signatures of at least 20% of the municipality's registered voters, and then the entire electorate must vote in favor of the proposed change by a majority vote during a special election. Miss. Code Ann. § 21-8-1.

In the case at bar, the defendants first argue that summary judgment is proper because the plaintiffs did not first attempt to change the voting scheme through the process outlined above, opting instead to file a lawsuit seeking to compel the defendants to change the scheme. The only authority cited by the defendants in support of this argument is Perkins v. City of Chicago Heights, 47 F.3d 212 (7th Cir. 1995), a Seventh Circuit case. There, the district court, after a trial on the merits, entered a consent decree that changed the form of government for the City of Chicago Heights from a "Managerial Form of Municipal Government" to a "Strong Mayor Form of Municipal Government," increased the number of voting wards from five to six, and also changed the City's form of government in several other ways. Perkins, 47 F.3d at 215. On appeal, the Seventh Circuit held that such changes to the City's government could only be effected via referendum, and that "[w]hile parties can settle their litigation with consent decress, they cannot agree to 'disregard valid state laws.'" Id. at 216 (citations omitted). Rather, the district court can only approve a consent decree which overrides state law provisions where the court has made properly supported findings that "such a remedy is *necessary* to rectify a *violation of federal law.*" Id. (emphasis in original). Accordingly, the Seventh Circuit vacated the consent decree. Id. at 218.

The defendants interpret Perkins to hold that, as a matter of law, a district court cannot consider altering a statutory voting scheme unless the plaintiffs first attempted to alter that scheme via § 21-8-1 or some other statutory process. Quite frankly, that is not what Perkins says. Rather,

3

Perkins requires the district court to refrain from altering a city's voting scheme absent a finding that the scheme violates federal law. That question has no bearing on whether the plaintiffs' case is capable of surviving summary judgment, and the defendants' Perkins argument is without merit.

The defendants next argue that the plaintiffs have failed to come forward with evidence sufficient to satisfy the threshold requirements for a claim of voter dilution articulated by the Supreme Court in Thornburg v. Gingles, 478 U.S. 30, 106 S.Ct. 2752, 91 L.Ed.2d 25 (1986). Under Gingles, the plaintiffs must first satisfy three factors: (1) that the minority group is sufficiently large and geographically compact to constitute a majority in a single-member district, (2) that the minority group is politically cohesive, and (3) that the white majority votes sufficiently as a bloc to cause it to usually defeat the minority's preferred candidate. Westwego Citizens for Better Gov't v. City of Westwego, 946 F.2d 1109, 1116 (5th Cir. 1991)(citing Gingles, 106 S.Ct. at 2766-67). If the plaintiffs can satisfy these three threshold criteria, then they must demonstrate an actual violation of § 2 by showing that the political process they are challenging is not equally open to all citizens regardless of race or color. Westwego Citizens for Better Gov't, 946 F.2d at 1116. The defendants argue that the plaintiffs have failed to present any evidence in support of the Gingles criteria and notes that in the last two elections, the African-American candidate lost even in the majority African-American ward. In response, however, the plaintiffs point to the affidavit of their expert, William S. Cooper, who opines that the 7-2 hybrid scheme does dilute African-American votes. Furthermore, the Court notes that voting dilution cases are typically fact-intensive inquiries. The Court is satisfied that there are disputed issues of fact surrounding the Gingles factors which precludes summary judgment at this stage.

Based on the foregoing analysis, it is hereby ORDERED that the defendants' motion for

summary judgment is DENIED. A separate order to that effect shall issue this day.

This is the 26th day of July, 2006.

                                                **/s/ Michael P. Mills**
                                                **UNITED STATES DISTRICT JUDGE**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**ROBERT J. JAMISON, CHARLES PENSON
and BOYCE E. GRAYSON, SR.**                                    **PLAINTIFFS**

**V.**                                                          **CASE NO. 1:04CV366**

**TUPELO, MISSISSIPPI and TUPELO
MISSISSIPPI ELECTION COMMISSION**                               **DEFENDANTS**

## **ORDER**

Pursuant to the memorandum opinion issued this day, it is hereby ORDERED that the defendants' motion for summary judgment [43-1] is DENIED.

This is the _____ day of July, 2006.


_____ OK